UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAWN ALSOBROOKS-DUNKLEY | * | |
| | * | |
| **Plaintiff,** | * | CIVIL ACTION NO. |
| | * | SECTION "  " |
| VERSUS | * | |
| | * | JUDGE: |
| NATIONAL RAILROAD | * | |
| PASSENGER CORPORATION | * | |
| | * | MAGISTRATE: |
| | * | |
| **Defendant** | * | JURY TRIAL |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff Shawn Alsobrooks-Dunkley, a person of the full age of majority and a resident of the Parish of St. Tammany, State of Louisiana, and for her Complaint for Damages, respectfully represents:

**I.**

Made Defendant herein is:

National Railroad Passenger Corporation ("Amtrak"), a corporation organized and existing by virtue of an Act of Congress and authorized to and doing business in the State of Louisiana, as an interstate carrier by rail, engaged in interstate commerce, and operating an interstate system of railroads in and through various states including the State of Louisiana.

**II.**

At all times pertinent hereto, Defendant Amtrak is and was an interstate common carrier by rail and was engaged in interstate transportation and commerce; and Plaintiff Shawn

Alsobrooks-Dunkley was employed by Defendant Amtrak as a Sleeper Attendant on Amtrak's passenger train as it traveled toward New Orleans.

### III.

At all times material hereto, Plaintiff is and has been an employee of Defendant Amtrak, and the injuries and damages sustained by Plaintiff, as hereinafter set forth and for which Defendant is liable, were sustained by Plaintiff while engaged in the course of her employment duties and in furtherance of interstate commerce and directly or closely and substantially affected such commerce.

### IV.

At all times pertinent hereto, the Amtrak train of which Plaintiff was a crew member was operating on tracks under the care, custody, and control of Defendant Amtrak.

### V.

Plaintiff's rights and remedies against Defendant Amtrak arise under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.* ("the FELA"), and jurisdiction in this Honorable Court exists under the provisions of the FELA.

### VI.

On or about October 22, 2019, at approximately 5:00 p.m., Plaintiff was in the course of performing her regularly assigned work duties as a Sleeper Attendant on Amtrak Train #19, "The Crescent," in the employ of Amtrak, within the Parish of St. Tammany, State of Louisiana, near Slidell. Plaintiff was preparing each room for the Ready Crew in New Orleans. Plaintiff was cleaning the "H" room in her sleeper and was making the bed. As she was trained to do, Plaintiff stood on the bench provided so that she could reach across the entire bed. Suddenly and without

4868-8849-8477, v. 1

warning, the bench collapsed causing Plaintiff to fall backward and resulting in severe and permanently disabling injuries.

## VII.

Plaintiff is free of fault and did not contribute in any manner whatsoever to the occurrence of the subject collision.

## VIII.

Plaintiff suffered severe and debilitating injuries to her right shoulder, low back, head, and neck, *inter alia* as a result of Defendant's negligence.

## IX.

Pursuant to the provisions of 45 U.S.C. §51, *et seq*., Defendant Amtrak had a non-delegable duty to provide Plaintiff with a reasonably safe place in which to work.

## X.

The injuries and damages sustained by Plaintiff on October 22, 2019 were caused, in whole or in part, by the negligence of Defendant Amtrak, its agents, servants or employees acting in the course and the scope of their employment in that:

1. Defendant Amtrak and its agents failed to provide Plaintiff with a safe place to work;

2. Defendant Amtrak failed to properly warn Plaintiff of the dangers presented by the place to which she was assigned to work;

3. Defendant Amtrak failed to inspect, maintain, and/or repair unsafe conditions in areas (Sleeper Car) where its employees (including Plaintiff) were required to work;

4868-8849-8477, v. 1

4.      Defendant Amtrak failed to inspect, maintain, discover, and/or warn Plaintiff of the dangerous and unsafe conditions (in Sleeper Car) in which its employees (including Plaintiff) were required to work;

5.      Defendant Amtrak required Plaintiff to work in an area that was unsafe and in violation of applicable industry standards, Federal Safety Regulations, and/or state and federal law, amounting to negligence as a matter of law and negligence *per se;*

6.      Defendant Amtrak violated its own Safety and Operating Rules; and

7.      Defendant Amtrak failed to exercise due care and caution commensurate with the surrounding circumstances.

## XI.

Defendant Amtrak's violation of applicable federal statutes and regulations specifically aimed at the railroad industry constitutes negligence *per se*.

## XII.

Defendant Amtrak's violation of its own internal operating rules and/or safety rules, which were incorporated into the federal regulations, constitutes negligence *per se*.

## XIII.

The aforelisted acts of negligence were committed by employees, agents, and/or representatives of Defendant Amtrak while acting in the course and scope of their employment, thereby rendering Defendant Amtrak vicariously liable under the theory of *respondeat superior*.

## DAMAGES

## XIV.

Plaintiff reiterates, as if copied herein *in* extenso, the allegations of Paragraphs I-XIII.

## XV.

Plaintiff's injuries and damages resulted solely from the negligence of Defendant, as enunciated above, without any fault or negligence on the part of the Plaintiff contributing thereto.

## XVI.

As a result of the accident and related injuries of October 22, 2019 Plaintiff has experienced and endured pain and may, for an indefinite period of time into the future, experience and endure pain, suffering, inconvenience, irritation, annoyance, limits, restrictions, and impairments of her body; has endured and may, for an indefinite period of time into the future, endure mental anguish and pain; has incurred and will incur medical expenses associated with the evaluation and treatment of the injuries to her right shoulder, lower back, head, and neck, *inter alia*; have been placed at risk for further injury; has suffered the loss and/or impairment of the ability to engage in her usual activities and occupation; has suffered the loss of the ability to acquire gainful employment in other various occupations for which she was previously qualified and physically able to perform; has suffered the loss and/or impairment of her earnings and earning capacity; has suffered the loss and/or impairment of her general health, strength, and vitality; and has suffered the loss and/or impairment of the ability to enjoy the various pleasures of life.

## XVII.

As a result of the accident and acts enumerated above, Plaintiff has suffered damages and claims all such damages reasonable in the premises for the following:

1.  Physical pain and suffering, past and future;

2.  Severe mental anguish, past and future;

3.  Medical expenses, past and future;

4868-8849-8477, v. 1

4.  Loss of wages, loss of earning capacity, and/or loss of fringe benefits, past and future;

5.  Loss of enjoyment of life, past and future; and

6.  Permanent disability.

## XVIII.

Plaintiff demands trial by jury on all issues presented in the captioned proceedings.

**WHEREFORE**, Plaintiff Shawn Alsobrooks-Dunkley prays that Defendant Amtrak be duly cited and served with a copy of this Complaint and be made to appear and answer same, and after due proceedings had, there be judgment rendered herein in favor of Plaintiff Shawn Alsobrooks-Dunkley and against Defendant Amtrak, for all damages reasonable in the premises, together with legal interest thereon from date of judgment, until paid, and for all costs of these proceedings.

*Respectfully submitted,*
**ROME, ARATA, BAXLEY & STELLY, L.L.C.**

*/s/ W. Chad Stelly, Esq.*
BLAKE G. ARATA, JR., Bar No. 1697
C. PERRIN ROME, III, Bar No. 17774
W. CHAD STELLY, Bar No. 21140
650 Poydras Street, Suite 2017
New Orleans, Louisiana 70130
Telephone: (504) 522-9980
Facsimile: (504) 522-9971
E-mail: barata@romearata.com
        wcstelly@romearata.com
***Attorneys for Plaintiff Shawn Alsobrooks-Dunkley***

4868-8849-8477, v. 1

**PLEASE ISSUE SUMMONS TO:**

**NATIONAL RAILROAD PASSENGER CORPORATION**
through the Louisiana Long Arm Statute:
Eleanor D. Acheson, Esq.
Chief Legal Officer, General Counsel & Corporate Secretary
1 Massachusetts Ave., NW
Washington, D.C. 20001

4868-8849-8477, v. 1